UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-CV-61952-WPD

COASTAL WELLNESS CENTERS, INC.,
a Florida corporation, a/a/o Michaelle Breneville,
and PLANTATION SPINAL CARE CENTER,
INC., a Florida corporation, a/a/o Cristina Sanchez,
on behalf of themselves and all others similarly
situated,

      Plaintiffs,                                    CLASS ACTION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant.
_____/

## ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Allstate Property and Casualty Insurance Company ("Allstate"), by its undersigned attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(1), for entry of an order dismissing the Amended Class Action Complaint[1] with prejudice, the grounds for which are set forth below.

**I.    INTRODUCTION**

Coastal Wellness Centers, Inc. ("Coastal Wellness"), and now, Plantation Spinal Care Center, Inc. ("Plantation Spinal Care"), filed this lawsuit purportedly on behalf of themselves, as well as the putative class of medical providers, asserting Allstate purportedly underpaid Personal Injury Protection ("PIP") benefits for medical service billed under CPT codes 98940 and 98941.

---

[1] Allstate's reference to the operative pleading as the Amended Class Action Complaint is solely for the purpose of consistency and should not be construed as consent to class treatment.

The crux of the Amended Complaint allegations is that while Allstate is indeed entitled to apply the reimbursement limitations contained in section 627.736, Florida Statute – the Florida No-Fault Motor Vehicle Statue ("No-Fault Statute" or "PIP Statute") – Allstate did not do so correctly. And, while Plaintiff engages in dialogue regarding the merits of how a two-percent reduction to chiropractic services is calculated, Plaintiff neglects to address the fatal flaw in it case – that this Court has lacked subject matter jurisdiction over this action from inception.

At the time the initial Complaint (D.E. 1) was filed, Coastal Wellness did not have standing to maintain this action because it did not suffer an injury in fact. In an attempt to establish standing after-the-fact, the Amended Complaint names a new party-Plaintiff, Plantation Spinal Care. This Amended Complaint violates the well-established principle "where a plaintiff never had standing to assert a claim against defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs." *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278 (5th Cir. 1981).[2] Given that the originally designated putative class representative did not (and does not) have proper standing, this Amended Class Action Complaint must be dismissed in its entirety.

## II.   BACKGROUND AND PROCEDURAL HISTORY

### A. Statutory Reimbursement Limitations based upon Medicare Fee Schedules.

A decade ago, the Florida Legislature amended section 627.736 to allow insurers to limit reimbursements based on the Medicare fee schedules, among other objective sources that provide for reasonable reimbursements for medical services. *See Geico General Ins. Co. v. Virtual Imaging Serv.* 141 So. 3d 147, 151-52 (Fla. 2013)(citing ch. 2007-324, §20, Laws of Fla.). The amendment, which provides for the reimbursement limitations based upon the

---

[2] Decisions from the Fifth Circuit issued prior to October, 1, 1981 are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

objective Medicare fee schedules, addressed the inquiry – "what constitutes a reasonable expense." *Id.* at 155.  The Florida Supreme Court in *Allstate Insurance Company v. Orthopedic Specialists*, 212 So. 3d 973, 977 (Fla. 2017), explicitly held that "Allstate's policy places both providers and the insured on notice of Allstate's election to use the permissive Medicare fee schedules identified in section 627.736(5)(a)2. to limit reimbursements." *See also this Court's Order in South Florida Wellness, Inc. v. Allstate Ins. Co*., 89 F. Supp. 3d (S.D. Fla. 2015) Plaintiff does not dispute Allstate is entitled to utilize these same reimbursement limitations. (D.E. 1 at ¶¶ 17, 23; D.E. 25 at ¶35).

      B.  **The 2% Reduction Issue**.

The Centers for Medicaid and Medicare Services ("CMS") instituted a two percent reduction to chiropractic manipulations billed under CPT codes 98940, 98941 and 98942, for the period January 2010 through July 1, 2014.  The basis for the reduction lies in a study conducted by Medicare to evaluate advisability of expanding coverage for chiropractic services under Medicare.  The study was required by Section 651 of Medicare Modernization Act (MMA), which required an evaluation to expand Medicare coverage to include certain chiropractic services.  The study was required to be budget neutral, but the costs were higher than expected. Therefore, in order to recover the cost of the study, Medicare instituted the foregoing payment adjustments.  These adjustments were reflected in the Medicare Physician Fee Schedule National Payment Files for the affected years rather than adjusting the Relative Value Units ("RVUs"). See 76 FR 73026-01, 73298-73301, 2011 WL 5900955(F.R.) (Nov. 28, 2011).

      C.  **Procedural History.**

On October 3, 2017, Coastal Wellness as a purported assignee of Michelle Breneville, filed suit against Allstate Property and Casualty Insurance Company in the United States District

Court for the Southern District of Florida. *See* D.E. 1. During the following days and weeks, Plaintiff's counsel filed approximately thirteen lawsuits against various insurers involving a facially similar legal issue – the payment of personal injury protection ("PIP") benefits for CPT codes 98940 and 98941. *See, e.g., Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, 17-cv-61951 (S.D. Fla. Compl. filed Oct. 3, 2017); *Tower Health Ctr., Inc. and Plantation Spinal Care Ctr., Inc. v. Progressive Select Ins. Co.*, 17-cv-61974 (S.D. Fla. Compl. filed Oct. 6, 2017); *Gregory Haskin Chiropractic Clinics, Inc. v. USAA Casualty Ins. Co.,* 17-cv-61979-WPD (S.D. Fla. Compl. filed Oct. 6, 2017); *Gregory Haskin Chiropractic Clinics, Inc. v. USAA Gen. Indem. Co.,* 17-cv-61980-WPD (S.D. Fla. Compl. filed Oct. 10, 2017).

Prior to filing a response to the Complaint, counsel for the parties conferred. Counsel for Defendant proffered the basis for Coastal Wellness' lack of standing, as set forth more fully herein. Thereafter, and in an apparent attempt to circumvent the lack of subject-matter jurisdiction, an Amended Class Action Complaint was filed on December 15, 2017 which named an additional Plaintiff, Plantation Spinal Care (as purported assignee of Cristina Sanchez). *See* D.E. 25. Five days later, Coastal Wellness filed a Notice of Voluntary Dismissal as to its claims against Allstate. *See* D.E. 27.

**D. The Original Complaint.**

Plaintiff, Coastal Wellness, filed a three-count complaint again Allstate, setting forth it claims as follows: Count I – Class Action for Declaratory Judgment; Count II – Class Action for Injunctive Relief and Count III – Class Action for Breach of Contract (Unpaid PIP Benefits). Each count is based upon the purported underpayment of benefits related to a two percent reduction of reimbursement amounts for CPT codes 98940 and 98941. (D.E. 1, at pp. 15-20). Coastal Wellness asserted similar claims in the Amended Class Action Complaint.  (D.E. 25).

-4-

Coastal Wellness asserted it is the assignee of Allstate's insured, Michaelle Breneville ("Insured" or "Breneville"), and sought to enforce the rights of numerous other Florida medical providers via the putative class relating to purported underpayments for services billed as CPT codes 98940 and 98941.  (D.E. 1 at ¶¶ 3, 10; D.E. 25 at ¶¶ 3, 12).  Coastal Wellness alleged Breneville sustained injuries as the result of a motor vehicle accident on September 14, 2012, and subsequently received treatment from Coastal Wellness.  (D.E. 1 at ¶¶ 11, 13; D.E. 25 at ¶¶ 13, 15).  According to Coastal Wellness, Breneville's treatment included charges for services billed under CPT code 98941 on thirteen (13) separate dates of service.  (D.E. 1 at ¶ 16).  And, although Allstate reimbursed Coastal Wellness $59.18 for each time 98941 was billed, Coastal Wellness submitted Allstate should have paid $60.38 – resulting in an alleged shortfall of $15.60.  *Id*.

Prior to filing this lawsuit, Coastal Wellness submitted a pre-suit demand letter in compliance with Florida Statute § 627.736 (10).  (D.E. 1 at ¶ 88; D.E. 25 at ¶100).  Under Florida law, Coastal Wellness was required to serve a pre-suit demand letter on Allstate as a condition precedent to filing suit for unpaid PIP benefits. Fla. Stat. § 627.736 (10)(a). Plaintiff asserted Allstate did not timely pay the appropriate amount of PIP benefits due, as per the PIP statute, and this action ensued.  (D.E. 1 at ¶ 89; D.E. 25 at ¶101).

Under Florida law, when an insurer pays the overdue PIP claim, with applicable interest and penalty, an action cannot be filed against the insurer. Fla. Stat. § 627.736 (10)(d) (2016).  As will be shown below, Allstate paid the purportedly overdue PIP claim within the statutorily allotted time frame with applicable interest and penalty.  Because of this, Coastal Wellness was precluded from filing an action against Allstate and Coastal Wellness cannot establish that this

-5-

Court has jurisdiction over the lawsuit because Plaintiff had not sustained any damages at the time the lawsuit was filed.

*The pre-suit payment to Coastal Wellness.*

Allstate received bills from Coastal Wellness for medical treatment rendered to Breneville for dates of service October 2, 2012 through March 8, 2013. (D.E. 1, Exhibit B thereto). Allstate reimbursed Coastal Wellness for services rendered as evidence by the corresponding Explanations of Benefits. *Id*. Included within the services reimbursed by Allstate were thirteen (13) charges for CPT code 98941. *Id*. On or about June 26, 2017, Coastal Wellness submitted a pre-suit demand letter pursuant to section 627.736(10), Florida Statutes. *See the affidavit of Christine Spisak annexed hereto as* **Exhibit A** ("Spisak Affidavit") at ¶ 6; *see also*, Exhibit 1 thereto. By response letter dated August 2, 2017, Allstate reimbursed Coastal Wellness an additional $37.26 which consisted of benefits, interest, penalty and postage. *See* Spisak Affidavit at ¶ 7 and Exhibit 2 thereto. Allstate's reimbursement was paid via two checks, as per the request of Plaintiff's attorneys – one check for benefits and interest made payable to Coastal Wellness, and one check for penalty and postage to the law firm of Schiller, Kessler & Gomez PLC. *See* Spisak Affidavit at ¶ 8 and Exhibits 1, 3 and 4 thereto. The check issued to Plaintiff Coastal Wellness totaled $28.04, representing payment for benefits in the amount of $22.90 and interest in the amount of $5.14. *See* Spisak Affidavit at ¶ 9. Of the $28.04 Allstate paid in additional benefits, **$15.60** was issued for the thirteen (13) dates of service referenced in Plaintiff's pre-suit demand letter and within Exhibit B to the Complaint. *See* Spisak Affidavit at ¶ 9. Notably, both checks issued by Allstate were cashed. *See* Spisak Affidavit at ¶ 8, and Exhibits 3 and 4. In other words, the exact amounts sought by Coastal Wellness in its Complaint from Allstate, were paid in full prior to the filing of the lawsuit.

### E. Plantation Spinal Care Center, Inc.'s State-Court Lawsuit.

On July 22, 2016 – more than a year before the Amended Class Action Complaint was filed with this court – Plantation Spinal Care (as assignee of Cristina Sanchez) filed a lawsuit against Allstate Property and Casualty Insurance Company in the County Court in and for Broward County, Florida, bearing court case number COSO 16-005511 (62).  *A true and correct copy of Plaintiff's state-court Complaint is attached hereto as* **Exhibit B**.  Plantation Spinal Care filed a one-count complaint for breach of contract for the exact same dates of service at issue here.  *Id*.

Notably, Plantation Spinal Care moved for summary judgment in the state court action, claiming it provided medical services to Cristina Sanchez between January 22, 2014 and May 14, 2014.  *A true and correct copy of its motion for summary judgment (without exhibits) is attached hereto as* **Exhibit C**; *see also* D.E. 25 at ¶ 27.  In its motion for summary judgment, Plantation Spinal Care contends that Allstate improperly reimbursed Plantation Spinal Care for services billed under CPT code 98940 on numerous occasions.  *See* Exhibit C at ¶ 6; see also (D.E. 25 at ¶ 27).  Thus, it is undisputed the exact same services are at issue in this case and the first-filed state court action.  As discussed further below, the previously filed state court litigation provides additional grounds for dismissal of the present action, because jurisdiction is appropriate elsewhere.

### III. LEGAL STANDARDS

*Article III Standing is Fundamental to Subject Matter Jurisdiction.*

Standing is a necessary element of federal court jurisdiction under Article III, Section 2 of the Constitution.  *See Warth v. Seldin*, 422 U.S. 490, 498 (1975).  It requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of litigation

so as to warrant invocation of federal-court jurisdiction. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (citing *Warth,* 422 U.S. at 498-99).  Standing is a threshold jurisdictional inquiry which must be addressed at the onset, independent of the merits of a plaintiff's claims. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); see also *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 (1992) (recognizing that "standing is to be determined as of the commencement of the suit.")  "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dept. of Transp.,* 921 F.2d 1190, 1203, n. 42 (11th Cir. 1991).

In order to satisfy Article III's standing requirement, a plaintiff must demonstrate that "(1) he has suffered an actual or threatened injury, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable ruling." *Phoenix of Broward, Inc. v. McDonald's Corp.,* 489 F.3d 1156, 1161 (11th Cir. 2007) (citing *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward County,* 450 F.3d 1295, 1304 (11th Cir.2006)); *see also Lujan,* 504 U.S. at 560-561   In focusing on the first of the three elements, the Eleventh Circuit has explained:

> An injury in fact cannot be an abstract injury.…   A plaintiff must point to some type of cognizable harm, whether such harm is physical, economic, reputational, contractual or even aesthetic.

*Koziara v. City of Casselberry*, 392 F. 3d 1302, 1305 (11th Cir. 2004).  If a plaintiff cannot show concrete injury, then no Article III case or controversy exists and a federal court is powerless with regard to the grievance. *Griffin v. Dugger*, 823 F.3d 1476, 1482-83 (11th Cir. 1987).

*Methods of Attacking Subject Matter Jurisdiction*.

A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A "facial attack" on the complaint requires "the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.*; *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F. 2d 507, 511 (5th Cir. 1980). By contrast, a "factual attack" challenges the existence of subject matter jurisdiction, notwithstanding the pleadings, using materials extrinsic from the pleadings, such as affidavits or testimony. *Id*. As such, no presumption of truthfulness attaches to plaintiff's allegations. *Id*. When faced with a "factual attack" on subject matter jurisdiction, the "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca*, 613 F. 2d at 511 (quoting *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F. 2d 884, 891-92 (3d Cir. 1977). Furthermore, because the trial court's very power to hear the case is under scrutiny, the court must evaluate the evidence presented to sufficiently satisfy itself as to its authority to preside over the subject dispute. *Williamson v. Tucker*, 645 F. 2d 404, 412-13 (5th Cir. 1981) (citations omitted). The mere existence of disputed facts will not prevent the court from conducting its own analysis as to the merits of the jurisdictional claims. *Lawrence v. Dunbar*, 919 F. 2d at 1529.

IV. **ARGUMENT**

    **A. This Court Lacked Jurisdiction at Inception.**

It is well-settled that at the time a lawsuit is filed, the plaintiff must have standing to prosecute the claims therein, satisfying the requirement that the plaintiff must have a personal

stake in the outcome of the litigation. *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (1987) (emphasis added). "[A] plaintiff without injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Equally, in a class action, the claim of the plaintiff who seeks to represent the class must be viable when the suit is filed. *Tucker*, 819 F. 2d at 1033; *see also Griffin v. Dugger*, 823 F.2d at 1483. ("[E]ach claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless … [the] plaintiff has suffered the injury that gives rise to that claim.") If the representative plaintiff's claim is not live, the court lacks jurisdiction and the case must be dismissed. *Id*; *see also Stalley,* 524 F.3d at 1232.

It is undisputed Allstate initially reimbursed Coastal Wellness for CPT code 98941 at a rate of $59.18. *See* (D.E. 1 at ¶ 16); (D.E. 1, Exhibit B thereto); (D.E. 25 at ¶ 16); and Spisak Affidavit at ¶ 9. And, prior to filing this lawsuit on October 3, 2017, Allstate paid additional benefits to Coastal Wellness in response to its pre-suit demand letter.[3] Specifically, on August 2, 2017, two months before this lawsuit was filed, Allstate paid an additional $22.90 in benefits – $15.60 of which was the exact amount sought by Coastal Wellness when this action was filed. *Id*. Because Allstate properly paid Coastal Wellness for all amounts purportedly due and owing, Coastal Wellness was precluded from maintaining an action for same. *See* Fla. Stat. § 627.736(10)(d) ("If, within 30 days after receipt of notice by the insurer, the overdue claim specified in the notice is paid by the insurer together with applicable interest and a penalty of 10 percent of the overdue amount paid by the insurer, subject to a maximum penalty of $250, *no*

---

[3] Pursuant to Fla. Stat. § 627.736(10), "[a]s a condition precedent to filing any action for benefits under this section, the insurer must be provided with written notice of an intent to initiate litigation. . . ." Fla. Stat. § 627.736(10)(a). The PIP Statute imposes strict requirements regarding the service and content of such notices. *See MRI Assocs. of America v. State Farm Fire & Cas. Co.*, 61 So. 3d 462, 465 (Fla. 4th DCA 2011); *Bristol West Ins. Co. v. MD Readers, Inc.*, 52 So. 3d 48, 51 (Fla. 4th DCA 2010).

*action may be brought against the insurer*.") (emphasis supplied). And, because Coastal Wellness had no redressable injury at the time this lawsuit was filed, its claim could not have been not viable, and thus, this action must be dismissed for lack subject matter jurisdiction. *Lujan,* 504 U.S. at 560–561.

Because Allstate paid the pre-suit demand for the PIP benefits at issue in this action Coastal Wellness, the named plaintiff, had no live claim at the time suit was brought, and this Court lacks jurisdiction because there is no justiciable controversy. *See Graves v. Walton County Board of Education*, 686 F.2d 1135, 1137 (5th Cir. 1982) (observing where plaintiff's claim is moot, there is no jurisdiction because there is no case or controversy as required by Article III of the U.S. Constitution); *see also Tucker,* 819 F.2d at 1133 ("In a class action, the claim of the named plaintiff, who seeks to represent the class, must be live both at the time he brings suit and when the district court determines whether to certify the putative class. If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot.")

In sum, Coastal Wellness could present no set of facts to support standing, and as such, cannot meet its burden of demonstrating this Court has jurisdiction. As discussed further *infra*, Coastal Wellness' lack of standing from the inception of the lawsuit is fatal to the class action. Accordingly, the Amended Class Action Complaint must be dismissed.

### B. Coastal Wellness' Lack of Standing is Fatal to the Amended Class Action Allegations.

In class action cases, the standing inquiry focuses on the class representatives. *Murray v. Auslander,* 244 F.3d 807, 810 (11th Cir. 2001) (internal citations omitted). Federal Rule of Civil Procedure 23(a) provides that a class action can only be maintained by a class representative with proper standing. In other words, the class representative must have individual standing in order to sue. *Prado-Steiman v. Bush,* 221 F.3d 1266, 1277 (11th Cir. 2000).

As explained *supra*, Coastal Wellness did not sustain an "actual injury" as Allstate compensated Coastal Wellness for the alleged 2% reduction prior to the filing of this lawsuit. Therefore, no benefits are due to Coastal Wellness as assignee of Michelle Breneville because those benefits have been paid in full—in accordance with Allstate's policy and the Florida No-Fault Statute. Due to the fact that Coastal Wellness had been compensated for alleged reduction and those checks have been cashed, Coastal Wellness is unable to demonstrate the element of actual injury lacks standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016) (recognizing that the class representative plaintiff must have suffered an injury-in-fact to maintain the class action).

When a case has only one class representative and that party does not have standing, the court lacks jurisdiction over the case and the case must be dismissed. *Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013). Specifically, when a case has just one class representative, there is generally no opportunity for a substitute class representative to take the named plaintiff's place due to the Court's lack of jurisdiction from the inception of the lawsuit. *See id.; see also infra.* At the time this lawsuit was filed, Coastal Wellness did not have standing and was the lone class representative. Therefore, this Court lacked jurisdiction from the inception of the case and dismissal of this action lawsuit is proper and necessary.

### C. Coastal Wellness' Lack of Standing Also Precludes Amendment of the Complaint.

Where "a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs[.]" *Summit Office Park*, 639 F.2d at 1282; *accord MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, __ F. Supp. 3d __, 2017 WL 6541533 at *4-5. (S.D. Fla. Dec. 13, 2017).

*see also Zangara v. Travelers Indem. Co. of Am.*, 2006 WL 825231, at *2-3 (N.D. Ohio Mar. 30, 2006) (holding that a plaintiff who lacks standing has no standing to amend the complaint to substitute a new plaintiff). In holding that amending the complaint to add new plaintiffs was improper, the Fifth Circuit in *Summit Office* summarized with approval the district court's ruling and rationale:

> The [district] court held that the Federal Rules of Civil Procedure do not contemplate the use of the amendment process in this manner. The court likened this attempt to amend the complaint to the procedural posture of a lawsuit in search of a sponsor. It noted that the cause of action and original named plaintiff had been dismissed, and that no named plaintiff . . . remained with any further stake in the outcome of the litigation. . . . "such a 'revolving door' theory of representation through the imaginative use of the amendment process . . . would vest in plaintiffs' counsel a power and control over litigation, particularly class action litigation, heretofore not recognized by the federal courts.

639 F.2d at 1281. The court further explained that "no one with a valid claim remained to urge the amendment and that any litigation on behalf of [the newly-added plaintiffs] should be filed in a new lawsuit." *Id.*

Similarly here, to the extent that Plantation Spinal Care believes it has standing to bring an action against Allstate, it has already filed a lawsuit in state court. Because it had no standing to even assert a claim against Allstate, Coastal Wellness likewise had no standing to amend the complaint and "control the litigation by substituting new plaintiffs[.]" *Id.* at 1282. Accordingly, the lawsuit must be dismissed.

### D. Federal and Florida Law Mandate the Dismissal of the Amended Complaint as Jurisdiction Over the Plantation Spinal Care Center Case Lies in the County Court in and for Broward County, Florida.

Lawsuits involving the same issues and same parties pending in separate jurisdictions waste judicial resources and can lead to conflicting results. *See In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1319 (S.D. Fla. 2012) (citing *Thomas Betts Corp. v.*

*Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) ("The first filed rule is a doctrine of federal comity that promotes judicial efficiency")). The principal commonly referred to as the "first-to-file rule," stands for the proposition that "the entire action should generally be decided by the court in which the action was first filed." *Id.* (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). The "first-to-file rule" applies in the Eleventh Circuit. *Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135-36 (11th Cir. 2005) ("[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed under the first-filed rule.") In considering whether the first-to-file rule should be applied, the Court is to consider the chronology of the actions, the similarity between the parties, and the similarity of the issues involved. *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC*, No. 8:10–cv–1541–T–26TBM, 2010 WL 3789042, at *3 (M.D. Fla. Sept. 24, 2010). In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

While the first-to-file rule typically applies to two cases pending before different federal courts, it equally applies to similar actions pending before state and federal courts. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982) (noting that federalism concerns and practically dictate relinquishing jurisdiction to the state court if the action was first-filed in a state court). Indeed, "[i]t should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction." *Id.*

It is unquestionable that the Plantation Spinal Care state court lawsuit was filed first, since it was filed almost seventeen months before the Amended Class Action Complaint here. *Compare* Exhibit B (dated July 22, 2016) to D.E. 25 (dated December 15, 2017). Both complaints name the same parties: Plantation Spinal Care Center, Inc. and Allstate Property and Casualty Insurance Company and assert the same claims.[4] As evidenced by Plaintiff's motion for summary judgment in the state-court action – it is axiomatic that both cases involve the same issue – whether Allstate properly reimbursed Plaintiff for medical treatment rendered under CPT code 98940 and/or 98941. *See* Exhibit C. Given that the state court action was filed first and that it involves both the same parties and same issues, the federal court breach of contract action filed by Plantation Spinal Care must be dismissed and the jurisdiction should remain in the state court.

### E. In all Events, Plantation Spinal Care Has No Claim Against Defendant Allstate Property and Casualty Insurance Company Because the Policy At Issue Was Not Issued By Allstate Property and Casualty Insurance Company.

Plantation Spinal Care has sued with regard to services rendered to Cristina Sanchez on or about January 15, 2014. As Plantation Spinal Care has been informed at the state-court level, the proper defendant is Allstate Insurance Company. *See* Exhibit D. Thus, Plantation Spinal Care has no basis to maintain this action against Defendant Allstate Property and Casualty Insurance Company.

## V. CONCLUSION

The Amended Class Action Complaint must be dismissed, as Coastal Wellness had no standing at the time suit was filed, and thus the Court lacks jurisdiction over this matter. Not only was Coastal Wellness without authority to amend its complaint to add an additional party-

---

[4] Allstate Property and Casualty Insurance Company has filed its Motion for Summary Judgment in the individual state court action on the grounds that it is not the proper Defendant. *See* **Exhibit D** hereto.

plaintiff, Plantation Spinal Care, but when Coastal Wellness added Plantation Spinal Care as a party-Plaintiff, it did so knowing that Plantation Spinal Care had a pending state court action involving identical issues as the present suit.  Moreover, it added Plantation Spinal Care as a Plaintiff against Allstate Property and Casualty Insurance Company although Plantation Spinal Care has no claim against defendant here.  Clearly, these tactics rule afoul of Rule 15 and this class action lawsuit must be dismissed.

WHEREFORE, Allstate Property and Casualty Insurance Company, respectfully requests this Court enter an order dismissing this action for lack of subject matter jurisdiction and grant such further relief as this Court deems just.

Respectfully submitted,

By:   */s/   Rachel M. LaMontagne*
**Rachel M. LaMontagne**
Florida Bar No. 094692
E-mail address:
rlamontagne@shutts.com
**Gladys Perez Villanueva**
Florida Bar No.  124524
E-mail address: gperez@shutts.com
SHUTTS & BOWEN LLP
200 South Biscayne Blvd., Suite 4100
Miami, Florida  33131
Telephone: (305) 358-6300
Facsimile:  (305) 381-9982

Peter J. Valeta
Florida Bar No. 327557
COZEN O'CONNOR
123 N. Wacker Dr., Ste. 1800
Chicago, IL 60606
Telephone:   (312) 474-7895
Facsimile:    (312) 878-2022
E-mail address: pvaleta@cozen.com
*Admitted Pro Hac Vice*

*Attorneys for Allstate Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 12, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

| | |
|---|---|
| Tod Aronovitz, Esq.<br>Barbara Perez, Esq.<br>Aronovitz Law<br>2 S Biscayne Blvd.<br>One Biscayne Tower, Suite 3700<br>Miami, FL 33131<br>E-mail addresses:<br>ta@aronovitzlaw.com<br>bp@aronovitzlaw.com<br><br>*Attorney for Plaintiff* | Theophilos Poulopoulos, Esq.<br>Schiller, Kessler & Gomez, PLC<br>7501 W. Oakland Park Boulevard<br>Suite 201<br>Ft. Lauderdale, FL 33319<br>E-mail address:<br>theo@injuredinflorida.com<br><br>*Co-counsel for Plaintiff* |

*/s/ Rachel M. LaMontagne*
Rachel M. LaMontagne

MIADOCS 15856242 1 43901.5266